UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VLADIMIR ZUK,

                              **Plaintiff,**

                     v.                                          5:07-CV-732
                                                                                             (FJS/DEP)

ESTEBAN GONZALEZ, Captain, Onondaga
County Justice Center; VINCENT
WASILEWSKI, Assistant Chief, Onondaga
County Justice Center; KEVIN BRISSON,
Captain, Onondaga County Justice Center;
THOMAS METZ, Lieutenant-Personnel Section;
ANTHONY CALLISTO, former Chief-Custody
Division (Retried June, 2006); RICHARD
CARBERY, Chief-Custody Division, Onondaga
County Justice Center; KEVIN WALSH, Sheriff
of Onondaga County; and WARREN DARBY,
Undersheriff of Onondaga County,

                              **Defendants.**
_____

**APPEARANCES**

**VLADIMIR ZUK**
Syracuse, New York 13202
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      There Clerk of the Court has sent Plaintiff's complaint to the Court for its review. *See*

Dkt. No. 1. Plaintiff filed his complaint pursuant to Title VII of the Civil Rights Act of 1964, as

amended and codified at 42 U.S.C. § 2000e *et seq.*, and he has paid the filing fee for this action.

      In his complaint, Plaintiff alleges, among other things, that, while he was an employee of

Onondaga County at the Onondaga County Justice Center, Defendants discriminated against him in the course of his employment, denied him promotion, and retaliated against him on the basis of his national origin.[1]

## II. DISCUSSION

Plaintiff names Esteban Gonzalez, Vincent Wasilewski, Kevin Brisson, Thomas Metz, Anthony Callisto, Richard Carbery, Kevin Walsh, and Warren Darby as Defendants. However, it is well-established that

> Title VII does not create individual liability for violations of its terms. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-17 (2d Cir. 1995). Only the employer may be held liable, and is in fact held vicariously liable for a hostile work environment created by a supervisor with immediate or successively higher authority over the victimized employee. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998); *Faragher v. Boca Raton*, 524 U.S. 775, 807, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998).

*Linder v. City of N.Y.*, 263 F. Supp. 2d 585, 594-95 (E.D.N.Y. 2003). Therefore, the Court dismisses the above-named Defendants from this action in their personal capacity.

The question remains, however, whether Plaintiff may sue the aforesaid Defendants in their "official" capacity as representatives of the County of Onondaga.

> "[T]he Second Circuit has left open the question whether [Title VII] suits may be maintained against employees in their 'official

---

[1] Plaintiff attached to his complaint a copy of the right-to-sue letter that the Equal Employment Opportunity Commission ("EEOC") issued regarding the above allegations of discrimination. *See* Dkt. No. 1 at 19. Plaintiff alleges that he received the letter on April 13, 2007. *See id.* at 17.

> capacity[.]'" *Guzman v. Round Hill Country Club, Inc.*, No.
> 3:03CV0851, 2003 WL 23212750, at *1 (D. Conn. Jan. 30, 2003)
> (citing *Hafez v. Avis Rent A Car System, Inc.*, No. 99-9459, 2000
> WL 1775508, *2 (2d Cir. Nov. 29, 2000)). However, "most
> circuits either have rejected such suits outright, on the ground that
> employees cannot incur personal liability under Title VII, or have
> treated such suits as an action against the employer." *Id.* (footnote
> and citations omitted). This has been the "trend" in the district
> courts within the Second Circuit as well. *See id.* at *1, n.4 (citing
> *McBride v. Routh*, 51 F. Supp. 2d 153, 156-57 (D. Conn. 1999)
> (citing cases)).

*Simpson v. N.Y. State Dep't of Civil Serv.*, No. 02-CV-1216, 2005 WL 545349, *9 (N.D.N.Y. Mar. 1, 2005).

For example, in *Bottge v. Suburban Propane*, 77 F. Supp. 2d 310 (N.D.N.Y. 1999), the court held "that [the Second Circuit's] individual liability bar applies to individual defendants in their official capacities, as well as to situations where the plaintiff seeks prospective injunctive relief against such individuals, under . . . Title VII[.]" *Id.* at 313. The court explained further that "[t]he official/personal capacity distinction seems misplaced since it would place this Court in the position of holding someone liable without providing Plaintiff with a remedy at law." *Id.*; *see also Gray v. Shearson Lehman Bros., Inc.*, 947 F. Supp. 132, 136 (S.D.N.Y. 1996) (dismissing Title VII claims against individuals sued in their official capacities). The Court finds the courts' reasoning in *Simpson* and *Bottge* persuasive and, therefore, dismisses Plaintiff's Title VII claims against the individual Defendants in their official capacities as well.

Since the Court has dismissed all of the claims against all of the individual Defendants, no Defendant remains. Nonetheless, to the extent that Plaintiff has named the individual Defendants in their official capacities, he has in essence named Onondaga County – his actual

employer – as a Defendant.² *See Ciancio v. Gorski*, No. 98-CV-0714E, 1999 WL 222603, *1 (W.D.N.Y. Apr. 14, 1999) (holding that because the county employer would pay any judgment in an official capacity suit, the county employer was the proper defendant). Construing Plaintiff's complaint liberally in light of his *pro se* status, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and in the interest of judicial economy, the Court will *sua sponte* substitute Onondaga County as the sole Defendant in place of the individually named Defendants. *See Ciancio*, 1999 WL 222603, at *1 (citing [Fed. R. Civ. P.] 21 ("[p]arties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action and on such terms as are just"); *Cimemotion NV v. Lorimar-Telepictures Corp.*, 1989 WL 120083, *6 (S.D.N.Y. Oct. 5, 1989) (non-party over whom court could exercise personal jurisdiction would be added as defendant *sua sponte* under [Federal Rule of Civil Procedure] 21 "in the interest of the efficient administration of justice")).

### III. CONCLUSION

After carefully reviewing the entire file in this case and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Esteban Gonzalez, Vincent Wasilewski, Kevin Brisson, Thomas Metz, Anthony Callisto, Richard Carbery, Kevin Wash, and Warren Darby are dismissed as Defendants in this action; and the Court further

**ORDERS** that Onondaga County is *sua sponte* substituted as a Defendant in this action

---

² Onondaga County, as the employer, is the proper defendant in a Title VII action. *See* 42 U.S.C. §§ 2000e and 2000e-2.

in place of the individual Defendants pursuant to Rule 21 of the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that the Clerk of the Court shall add "Onondaga County" as a Defendant to the docket of this action; and the Court further

**ORDERS** that the Clerk of the Court shall issue a summons and forward it to Plaintiff, along with a packet containing General Order 25, which sets forth this District's Civil Case Management Plan.  The Court advises Plaintiff that it is his responsibility to serve Defendant immediately with the summons, a copy of his complaint, and a packet containing General Order 25 in accordance with the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that Defendant or its counsel shall file a formal response to Plaintiff's complaint as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendant; and the Court further

**ORDERS** that Plaintiff shall immediately serve a copy of this Order upon any Defendant whom he has already served with process in this action; and the Court further

**ORDERS** that the parties must accompany any paper that they send to the Court or to the Clerk of the Court with a certificate setting forth the date on which they mailed a true and correct copy of the same to all opposing parties or their counsel.  The Clerk of the Court shall return to the party who sent it any letter or other document that the Court or the Clerk of the Court receives that does not include a certificate of service that clearly states that the party served an identical copy on all opposing counsel.  Plaintiff shall also comply with any requests of the Clerk's Office for any documents that are necessary to maintain this action.  All motions shall comply with this District's Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 26, 2007
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge